AULTMAN, MILLER & COMPANY, APPELLEE, V. M. D. WELCH ET AL., APPELLANTS.

FILED SEPTEMBER 16, 1896. No. 6800.

Review: BILL OF EXCEPTIONS. In the absence of a bill of exceptions there must be an affirmance of the decree sought to be reviewed, when there is presented by the record no question aside from the sufficiency of the evidence to sustain it.

APPEAL from the district court of Douglas county. Heard below before WATSON, J.

*Walter J. Lamb,* for appellants.

*Cavanagh, Thomas & McGilton, contra.*

RYAN, C.

There was filed in this case, in the district court of Douglas county, a petition wherein the plaintiff, Aultman, Miller & Co., alleged that in the year 1889 one of the defendants, Stephen D. Long, a retail dealer in farming implements in Hildreth, Nebraska, procured to be issued by the Farmers & Merchants Insurance Company a policy of insurance upon his general stock of farming implements to the amount of $1,000; that prior to the issue of said policy said plaintiff had sent to said Long to be sold on commission certain farming implements of the value of $796.37, which also were included in the policy; that while said policy was in full force all the aforesaid

farming implements were destroyed by fire; that an adjustment of the loss was made with said insurance company by which only a percentage of the losses suffered was actually covered; that the loss of the commission goods entrusted to Long for sale was included in the above adjustment, notwithstanding which fact Long assigned the right to collect the entire adjusted loss to M. D. Welch in trust for himself and various creditors of the said Long; that after the assignment of said policy the insurance company paid to Welch $1,250, the entire adjusted amount of the loss; that Welch, before suit begun, had paid out the entire $1,250 to various creditors of Long with knowledge of the rights of plaintiff, and that Long was insolvent. The prayer of the petition was that the parties who had been paid in excess of the percentage which they had been entitled to receive from Welch should be adjudged to pay to plaintiff the amount of the percentage in each instance which plaintiff of right should have received upon a just apportionment, and for general equitable relief. The above is, in general terms, a description of the petition, in which there is not attempted anything like technical exactness, for the reason that such exactness is not essential, neither is any description of the subsequent pleadings required further than to say that there were such, by which issues were duly joined with respect to the matters described in the petition. There was a decree by which the relief prayed in the petition was granted, and from this decree the defendants appeal.

The averments of the petition were such that upon proper proof of them the plaintiff was entitled to the relief prayed. Whether or not such proof was made we are without means of determining, for there is in this case no bill of exceptions by which was preserved the evidence upon which the court acted in entering the decree which was entered. There is presented upon the record no other question which we can consider, and the judgment of the district court must be affirmed.

That there may be no misunderstanding of the order whereby was overruled a motion to strike from the files the agreed statement of facts, upon which appellants seem to rely as answering the purposes of a bill of exceptions, it is proper to say that the original agreed statement was filed in the office of the clerk of the district court, and that, therefore, being properly a part of the transcript of the record, it could not be stricken from the files. When it is urged that in this court that it should be accepted as evidence, there is presented for the first time the objection that it cannot be considered as such, because not preserved by a bill of exceptions.

AFFIRMED.